UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JANE DOE,**

    Plaintiff,

v.                                        Case No.: **4:24-cv-00436-MW-MJF**

**BUDDY MONEY in his official
capacity as SHERIFF, Liberty County,**

    Defendant,

_____/

## MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

Plaintiff, Jane Joe, by and through her undersigned counsel, respectfully moves this Court for leave to proceed anonymously in the above-captioned matter, and in support thereof states as follows:

### I.  Background

Plaintiff has filed a civil complaint seeking damages, injunctive relief, and declaratory judgment under 42 U.S.C. § 1983 and related claims, alleging that she was sexually assaulted by a Detention Deputy employed by the Defendant while she was incarcerated in the Liberty County Jail (Compl. ¶¶ 6-17). The Plaintiff further alleges that the Defendant, in his official capacity as Sheriff of Liberty County, failed to adequately screen, hire, and supervise

the deputy, leading to the violation of her constitutional rights (Compl. ¶¶ 45-50, 90-91). Given the deeply personal nature of the allegations, Plaintiff seeks to protect her identity from public disclosure.

## II. Analysis and Memorandum of Law

The Eleventh Circuit recognizes that plaintiffs may proceed anonymously if their privacy interests outweigh the presumption of open judicial proceedings. Courts consider factors such as whether the plaintiff challenges governmental activity, whether the lawsuit requires disclosure of highly sensitive or intimate information, and whether revealing the plaintiff's identity would expose them to harm. See *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (the ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings).

### A. Sensitive and Intimate Nature of the Allegations

Plaintiff's allegations center on an act of sexual assault perpetrated by Detention Deputy Shelton Turner, while she was an inmate (Compl. ¶¶ 12-19). The details of the rape, including that Turner forced Plaintiff into a closet, removed her clothing, and raped her both vaginally and orally

(Compl. ¶¶ 12-17), are of a highly sensitive and intimate nature. Courts routinely recognize that plaintiffs in cases involving sexual violence should be permitted to proceed anonymously to avoid additional emotional harm, stigma, and distress. The disclosure of such intimate details publicly could retraumatize the Plaintiff, intensifying her emotional pain (Compl. ¶¶ 80, 92, 102).

### B.   Risk of Retaliation and Harm

Plaintiff also faces a reasonable risk of retaliation and further harm if her identity is publicly disclosed. As alleged in the complaint, after reporting the sexual assault, Plaintiff was subjected to retaliatory treatment while incarcerated. She was deprived of basic necessities, such as a mattress, toilet, or sink, and was isolated from the general population (Compl. ¶¶ 39-42). Jail staff also pepper-sprayed her without provocation and labeled her a "liability" (Compl. ¶¶ 43-44). The threat of additional retaliation or harassment in the future is a significant risk, especially considering that she was already mistreated following her initial report of the rape.

### C.   Plaintiff Challenges Governmental Activity

Plaintiff is challenging the conduct of a governmental entity—the Liberty County Sheriff s Office—alleging that it failed to properly screen and

supervise its employees, thereby enabling her assault (Compl. ¶¶ 45-66, 136-164). In cases involving challenges to government action, courts may be more inclined to allow anonymity because of the public interest in ensuring that individuals can hold governmental entities accountable without fear of personal harm or retaliation.

### D. Minimal Prejudice to Defendant

Allowing Plaintiff to proceed anonymously will not prejudice the Defendant. Plaintiff will disclose her identity to Defendant s counsel under a protective order, ensuring that Defendant is able to fully investigate the claims and prepare an adequate defense. Furthermore, there is no significant public interest in knowing Plaintiff s identity that outweighs her substantial interest in keeping her identity private.

### E. Public Interest in Anonymity

The public interest in encouraging victims of sexual violence to come forward and seek redress without fear of public exposure supports Plaintiff s request for anonymity. If victims are forced to disclose their identities in such sensitive cases, it may deter other victims from bringing forth valid claims, thereby undermining public confidence in the judicial system's ability to address these serious issues.

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully submits that the need to protect her identity outweighs the public s interest in open proceedings. Plaintiff seeks leave to proceed under the pseudonym  Jane Doe" throughout the litigation process.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order granting her leave to proceed anonymously and for such other and further relief as the Court deems just and proper.

Dated this 25th day of October, 2024.

### CERTIFICATE OF FONT/WORD COUNT

I HEREBY CERTIFY that the foregoing contains 820 words and is typed in 14 point font.

/s/ Marie A. Mattox
Marie A. Mattox

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF